# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1676V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| DAVID GOODWIN, | |
| Petitioner, | Special Master Jennifer A. Shah |
| v. | Filed: August 21, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Maximillian Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner
*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 21, 2016, David Goodwin ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Petitioner alleges that he suffered transverse myelitis as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine he received on January 7, 2015. Pet. at 1, 5. On October 23, 2023, Special Master Katherine E. Oler entered a Decision dismissing Petitioner's claim for insufficient proof. ECF No. 37. The case was subsequently reassigned to me.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On January 3, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees App.").[3] ECF No. 109. Petitioner requests total attorneys' fees and costs in the amount of $25,660.13, consisting of $25,631.00 in attorneys' fees and $29.13 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner indicated that he personally has not incurred any costs related to the prosecution of his petition. *Id.* Respondent responded to the motion on January 10, 2024, stating that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 110. Petitioner did not file a reply.

This matter is now ripe for consideration.

I. **Legal Standards**

Section 15(e) (1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of proving that the requested hourly rate is reasonable. *Id.*

A. **Good Faith**

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners

---

[3] On September 13, 2022, Special Master Oler granted Petitioner's Motion for Interim Attorneys' Fees and Costs in the amount of $196,575.05. ECF No. 99.

are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion."). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Recently, the Federal Circuit clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

When determining if a reasonable basis exists, special masters may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs*., 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

Here, although the petition was eventually dismissed, I find that the claim was brought in good faith and maintained a reasonable basis while it was pending before the Court. Also, I note that Respondent has indicated his satisfaction that both of these requirements have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

## II. Discussion Regarding Fees and Costs

### A. Attorneys' Fees

Petitioner retained Maximillian J. Muller to represent him in this matter. *See generally* Fees App. Petitioner requests a total of $25,631.00 in attorneys' fees. *Id.* at 2.

#### 1. Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[4]

Petitioner requests compensation for his attorney, Mr. Maximillian Muller, at the following hourly rates: $400.00 for work performed in 2022; and $425.00 for work performed in 2023. Mr. Muller also requests an hourly rate of $350.00 in 2022 for work performed by his colleague, Ms. Laura Levenberg; and an hourly rate of $250.00 in 2022 for work performed by his colleague, Ms. Leigh Finfer. Fees App. at 1-3. Mr. Muller also seeks compensation for his paralegals: Ms. Katy Yoos at an hourly rate of $165.00 for work performed in 2022; Mr. Erik Pavlacsek at an hourly rate of $125.00 for work performed in 2022, and $140.00 for work performed in 2023; and Ms. Tereza Pavlacsek at an hourly rate of $140.00 for work performed in 2022. Fees App. at 1-2. This request is consistent with what other special masters have previously awarded Mr. Muller, Ms. Levenberg, and the paralegals from Muller Brazil. *See, e.g., Goodwin v. Sec'y of Health & Hum. Servs.*, No. 16-1676V, 2022 WL 6616738, at *4 (Fed. Cl. Spec. Mstr. Sept. 13, 2022); *Putnam v. Sec'y of Health & Hum. Servs.*, No. 19-1921V, 2022 WL 2133979 (Fed. Cl. Spec. Mstr. May 12, 2022) (awarding the paralegals of the Muller Brazil firm their requested rates); *Seeley v. Sec'y of*

---

[4] The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf;
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf;
The hourly rates contained within the schedules are updated based on *McCulloch*, 2015 WL 5634323.

4

*Health & Hum. Servs.*, No. 19-1258V, 2021 WL 6201441 (Fed. Cl. Spec. Mstr. Dec. 7, 2021). Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Instead, the special master may make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, and Respondent has not identified any entries as objectionable.

Accordingly, I award Petitioner a total of **$25,631.00** in attorneys' fees.

**B. Reasonable Costs**

Petitioner requests a total of $29.13 in attorneys' costs for a FedEx fee. Ex. B. Petitioner has provided adequate documentation supporting the requested costs, and Respondent has not identified the cost as objectionable. I find this cost to be reasonable and shall fully reimburse it.

I award Petitioner a total of **$29.13** in attorneys' costs.

### III. Conclusion

Accordingly, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$25,660.13**, representing reimbursement of Petitioner's attorneys' fees and costs, in the form of a check jointly payable to Petitioner and his attorney, Mr. Maximillian Muller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/ Jennifer A. Shah</u>
Jennifer A. Shah
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.